# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD BRENT HARRIS,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT FRAUENHEIM,<br><br>    Respondent. | Case No. 1:19-cv-01203-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT <u>RHINES</u> STAY<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF Nos. 7, 8) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner challenges his 2014 convictions sustained in the Kern County Superior Court for second-degree murder and discharge of firearm causing death. Petitioner was sentenced to an imprisonment term of forty years to life. (ECF No. 1 at 1).[1] On March 28, 2018, the California Court of Appeal, Fifth Appellate District affirmed the convictions, vacated the sentence, and remanded the matter. (<u>Id.</u> at 2). On June 13, 2018, the California Supreme Court denied the petition for review. (<u>Id.</u> at 2, 8).

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On September 3, 2019, Petitioner filed a federal petition for writ of habeas corpus in this Court. Therein, Petitioner acknowledges that the claims that he raises in Ground Five of the petition currently are pending in a collateral challenge in the California Court of Appeal. (ECF No. 1 at 5). On October 4, 2019, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state court remedies. (ECF No. 7). On October 24, 2019, Petitioner filed his response. (ECF No. 8).

## II.

## DISCUSSION

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

In his response to the order to show cause, Petitioner acknowledges that he filed a mixed petition containing exhausted and unexhausted claims. (ECF No. 8 at 1). Petitioner raises the following question: "Does the fact that petitioner was back before the Sentencing Court on Remand after the State Supreme Court denied review count toward tolling the AEDPA time constraint's [*sic*] before filing a first collateral petition in the state court's after the remand issue is concluded?" (ECF No. 8 at 2). If "that remand time" is tolled, Petitioner "would have no objection" to dismissing the case without prejudice. (Id.). However, if "that remand time" is not tolled, Petitioner requests the Court to stay the petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). (ECF No. 8 at 2).

This Court does not have the complete state court record and thus, the Court cannot rule definitively on the issue of tolling. Accordingly, the Court will proceed to determine whether a stay under Rhines is warranted. Given "that a motion to stay and abey section 2254 proceedings

is generally (but not always) dispositive of the unexhausted claims," the undersigned shall submit findings and recommendation on the motion. Mitchell v. Valenzuela, 791 F.3d 1166, 1171, 1173–74 (9th Cir. 2015).

Under Rhines v. Weber, "stay and abeyance" is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78. "There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust" under Rhines. Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). "The Supreme Court has addressed the issue only once, when it noted that a 'petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'" Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)).[2] Although "good cause" does not require extraordinary circumstances, courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances'" and AEDPA's goals "to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." Wooten v. Kirkland, 540 F.3d 1019, 1023–24 (9th Cir. 2008) (citations omitted).

Here, Petitioner states that his appellate attorney held onto Petitioner's records until Petitioner questioned the attorney about the documents during preparation of his collateral challenge.[3] Petitioner prepared the state collateral challenge without the benefit of those records "because of the possible time constraint issues." (ECF No. 8 at 1–2). Given Petitioner's concerns of "the possible time constraint issues" regarding his state collateral challenge, Petitioner has satisfied Rhines's good cause requirement. See Pace, 544 U.S. at 416 ("A petitioner's reasonable

---

[2] In Pace, the Supreme Court noted that a solution to the "predicament" of "a 'petitioner trying in good faith to exhaust state remedies . . . litigat[ing] in state court for years only to find out at the end that he was never "properly filed,"' and thus that his federal habeas petition is time barred" is "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416 (citations omitted).

[3] Petitioner's allegation is supported by an August 13, 2019 letter from his appellate counsel that acknowledged receipt of Petitioner's letter requesting the original transcripts and indicated that counsel would be returning the transcripts. (ECF No. 1 at 39).

3

confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.").

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017). "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" Id. (quoting Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005)).

The claims Petitioner raises in Ground Five of the petition are unexhausted. In Ground Five, Petitioner asserts: (1) ineffective assistance of trial and appellate counsel on various grounds; (2) denial of his right to a fair trial; and (3) abuse of discretion of the sentencing court in not striking a firearm enhancement pursuant to SB620 on remand. (ECF No. 1 at 7). At least one of Petitioner's unexhausted claims appears on its face to not be "plainly meritless." Petitioner alleges that at the SB620 hearing, in which the trial court declined to strike the firearm enhancement on remand, Petitioner asked trial counsel about filing an appeal. Trial counsel stated that she would contact Petitioner's appellate counsel, but she never did and failed to file a notice of appeal. (ECF No. 1 at 14–15). See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.").

As set forth above, Petitioner has established "good cause" for his failure to exhaust, and at least one of his unexhausted claims appears on its face to not be "plainly meritless." Finally, there is no indication in the record before the Court that Petitioner engaged in "intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. Accordingly, the undersigned recommends granting Petitioner's motion to stay this case pending resolution of the unexhausted claims in state court.

///

///

///

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Petitioner's motion for a stay under Rhines (ECF No. 8) be GRANTED.

Further, IT IS HEREBY ORDERED that the order to show cause (ECF No. 7) is DISCHARGED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 11, 2019**__

UNITED STATES MAGISTRATE JUDGE