# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD BRENT HARRIS,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT FRAUENHEIM,<br><br>    Respondent. | Case No. 1:19-cv-01203-NONE-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND DENYING AS MOOT PETITIONER'S REQUEST TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF Nos. 30, 31)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE TRAVERSE AS A SEPARATE DOCUMENT |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner has moved for appointment of counsel and to proceed *in forma pauperis*. (ECF Nos. 30, 31).[1] As the Court previously authorized *in forma pauperis* status to Petitioner, the request to proceed *in forma pauperis* is denied as moot.

With respect to Petitioner's request for appointment of counsel, there currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the

---

[1] The Court received two identical motions on June 30, 2021.

1

proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because of the complexity of the issues raised in his petition, his lack of legal training and limited education, and his mental health issues. (ECF No. 30 at 1).[2] Upon review of the petition and Petitioner's other submissions in this case, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel (ECF Nos. 30, 31) is DENIED without prejudice;
2. Petitioner's request to proceed *in forma pauperis* is DENIED as moot; and
3. The Clerk of Court is DIRECTED to file the traverse attached to the motion for appointment of counsel (ECF No. 30 at 6–8) as a separate document.

IT IS SO ORDERED.

Dated: **July 1, 2021**

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.