UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD BRENT HARRIS,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT FRAUENHEIM,<br><br>    Respondent. | Case No. 1:19-cv-01203-JLT-SAB-HC<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO RECONSIDER, VACATING ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS, APPOINTING COUNSEL, REFERRING MATTER TO MAGISTRATE JUDGE FOR FURTHER FINDINGS AND RECOMMENDATIONS, AND DIRECTING CLERK OF COURT TO SERVE ORDER ON FEDERAL PUBLIC DEFENDER'S OFFICE**<br><br>**(Docs. 35, 40, 41)** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 8, 2022, after extensively considering the entire record, the undersigned adopted the findings and recommendations and ordered that an evidentiary hearing be held on Petitioner's ineffective assistance of counsel claim for failure to file a notice of appeal and that the remaining claims in the petition be denied. (Doc. 40.) The matter was referred to the magistrate judge to conduct the evidentiary hearing. On July 12, 2022, the magistrate judge issued an order referring the matter to the Federal Defender's office for the appointment of counsel. (Doc. 42.) Meanwhile, also on July 12, 2022, Respondent filed a motion for

reconsideration regarding whether it is appropriate to hold an evidentiary hearing without first definitively resolving the prejudice prong of Petitioner's ineffective assistance of counsel claim. (Doc. 41.)

Given that Respondent did not previously have an opportunity to address the exact line of reasoning presented in the order adopting, the complexity of the prejudice analysis, and the one-sided and inadequate discussion of that issue in the pleadings, the Court will grant the motion for reconsideration in an abundance of caution and vacate the July 8, 2022, order adopting the findings and recommendations. The Court does so in part to permit further, focused briefing on the prejudice issue.

Although the magistrate judge has already ordered appointment of counsel for any evidentiary hearing, the Court now reviews whether to appoint counsel to Petitioner at the present stage of the proceedings. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons[1] if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). In the present case, the Court has reviewed the record and finds that the interests of justice would be served by the appointment of counsel to assist with briefing of the prejudice issue, provided Petitioner is financially eligible. Accordingly, the Court **ORDERS**:

1. Respondent's motion for reconsideration (Doc. 41) is **GRANTED**.
2. The July 8, 2022, order adopting the findings and recommendations (Doc. 40) is **VACATED**.

---

[1] On September 5, 2019, an order authorizing *in forma pauperis* status was issued. (Doc. 3.) However, Petitioner did not submit an application to proceed *in forma pauperis*, and the Court is not in possession of any information regarding Petitioner's current finances.

3. The findings and recommendations issued on December 21, 2021 (Doc. 35) are **ADOPTED IN PART**.

4. The petition for writ of habeas corpus is **DENIED EXCEPT** for Petitioner's claim of ineffective assistance of counsel related to the failure to file a notice of appeal.

5. This matter is **REFERRED** to the Federal Public Defender's Office to appoint counsel for Petitioner if Petitioner is financially eligible for appointment of counsel pursuant to 28 U.S.C. § 3006A. The Federal Public Defender's Office **SHALL COMPLY** with the deadlines set forth in the magistrate judge's previous order (Doc. 42).

6. This matter is **REFERRED** to the magistrate judge to set a briefing schedule and issue further findings and recommendations regarding Petitioner's claim of ineffective assistance of counsel related to the failure to file a notice of appeal.

7. The Clerk of Court is **DIRECTED** to serve a copy of this order on the Federal Public Defender's Office.

IT IS SO ORDERED.

Dated:   **July 14, 2022**

_____
UNITED STATES DISTRICT JUDGE