# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD BRENT HARRIS,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT FRAUENHEIM,<br><br>    Respondent. | Case No. 1:19-cv-01203-JLT-SAB-HC<br><br>SUPPLEMENTAL FINDINGS AND RECOMMENDATION RECOMMENDING EXPANSION OF RECORD AND EVIDENTIARY HEARING, IF NECESSARY, ON INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM FOR FAILURE TO FILE NOTICE OF APPEAL |

Petitioner, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On September 4, 2014, Petitioner was convicted after a jury trial in the Kern County Superior Court of second-degree murder. The jury also found true the special allegations that Petitioner personally discharged a firearm causing death. (2 CT[1] 394–95, 406.) The trial court sentenced Petitioner to an indeterminate term of fifteen years to life for second-degree murder plus twenty-five years to life for the personal gun use enhancement. (2 CT 406; 7 RT[2] 1550.) On March 28, 2018, the California Court of Appeal, Fifth Appellate District ordered that the

---

[1] "CT" refers to the Clerk's Transcript on Appeal lodged by Respondent on April 15, 2021. (ECF No. 26.)
[2] "RT" refers to the Reporter's Transcript on Appeal lodged by Respondent on April 15, 2021. (ECF No. 26.)

1

sentence be "vacated and the case remanded for the trial court to exercise its discretion whether to impose or to strike the gun use enhancement pursuant to section 12022.53 as amended [by Senate Bill No. 620]." People v. Harris, No. F070236, 2018 WL 1516967, at *10 (Cal. Ct. App. Mar. 28, 2018). The judgment was otherwise affirmed. Id. The California Supreme Court denied Petitioner's petition for review on June 13, 2018. (LD[3] 19.) On November 1, 2018, the trial court re-imposed the same sentence of fifteen years to life for second-degree murder plus twenty-five years to life for the personal gun use enhancement. (LD 20.)

On September 3, 2019, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1.) As various claims were pending in a collateral challenge in the California Court of Appeal, this Court stayed the petition on January 6, 2020, so that Petitioner could exhaust his state remedies. (ECF No. 10.) On November 7, 2019, the California Court of Appeal, Fifth Appellate District denied Petitioner's state habeas petition without prejudice for failing to first file a petition in the Kern County Superior Court and for failing to include copies of reasonably available documentary evidence supporting Petitioner's claims. (LD 21.) On February 17, 2021, the California Supreme Court summarily denied Petitioner's state habeas petition that was filed on July 23, 2020. (LD 22.) That same day, the California Supreme Court also denied Petitioner's subsequent state habeas petition that was filed on September 21, 2020, with citation to In re Miller, 17 Cal.2d 734, 735 (1941), noting that "courts will not entertain habeas corpus claims that are repetitive." (LD 23.) On March 1, 2021, this Court lifted the stay in this matter. (ECF No. 24.)

In the petition, Petitioner raised the following claims for relief: (1) instructional errors; (2) ineffective assistance of trial and appellate counsel; (3) erroneous admission of prejudicial evidence; and (4) abuse of discretion regarding Petitioner's sentence. (ECF No. 1 at 4–7, 12.)[4] On December 21, 2021, the Court issued findings and recommendations recommending that an evidentiary hearing be held on Petitioner's ineffective assistance of counsel claim for failure to file a notice of appeal and denial of the remaining claims for relief in the petition for writ of

---

[3] "LD" refers to the documents lodged by Respondent on April 15, 2021. (ECF No. 26.)
[4] Page numbers refer to the ECF page numbers stamped at the top of the page.

1 habeas corpus. (ECF No. 35.) On July 8, 2022, the assigned district judge adopted the findings
2 and recommendations and ordered that an evidentiary hearing be held, but "stop[ped] short of
3 finding that the allegations would definitely entitle Petitioner to relief." (ECF No. 40 at 10, 9
4 n.2.) Respondent filed a motion for reconsideration regarding whether it is appropriate to hold an
5 evidentiary hearing without first definitively resolving the prejudice prong of Petitioner's
6 ineffective assistance of counsel claim. (ECF No. 41.) The assigned district judge granted
7 Respondent's motion for reconsideration, vacated the order for an evidentiary hearing, appointed
8 counsel for Petitioner, and referred this matter back to the Court to set a briefing schedule and
9 issue further findings and recommendations regarding Petitioner's claim for ineffective
10 assistance of counsel related to the failure to file a notice of appeal. (ECF No. 43.) Petitioner
11 filed a supplemental traverse, and Respondent filed a response. (ECF Nos. 47, 48.)

## II.

## STANDARD OF REVIEW

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Kern County Superior Court, which is located within the Eastern District of California. 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

Under AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 97–98 (2011); Lockyer v. Andrade, 538 U.S. 63, 70–71 (2003); Williams, 529 U.S. at 413.

  As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id. In addition, the Supreme Court decision must "'squarely address [] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2009) (quoting Wright v. Van Patten, 552 U.S. 120, 125 (2008)); Panetti v. Quarterman, 551 U.S. 930 (2007); Carey v. Musladin, 549 U.S. 70 (2006). If no clearly established Federal law exists, the inquiry is at an end and the Court must defer to the state court's decision. Musladin, 549 U.S. 70; Wright, 552 U.S. at 126; Moses, 555 F.3d at 760.

  If the Court determines there is governing clearly established Federal law, the Court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, [the] clearly established Federal law." Lockyer, 538 U.S. at 72 (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412–13; see also Lockyer, 538 U.S. at 72. "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" Williams, 529 U.S. at 405 (quoting Webster's Third New

1  International Dictionary 495 (1976)). "A state-court decision will certainly be contrary to
2  [Supreme Court] clearly established precedent if the state court applies a rule that contradicts the
3  governing law set forth in [Supreme Court] cases." Id. If the state court decision is "contrary to"
4  clearly established Supreme Court precedent, the state decision is reviewed under the pre-
5  AEDPA de novo standard. Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc).

6  "Under the 'reasonable application clause,' a federal habeas court may grant the writ if
7  the state court identifies the correct governing legal principle from [the] Court's decisions but
8  unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.
9  "[A] federal court may not issue the writ simply because the court concludes in its independent
10 judgment that the relevant state court decision applied clearly established federal law erroneously
11 or incorrectly. Rather, that application must also be unreasonable." Id. at 411; see also Lockyer,
12 538 U.S. at 75–76. The writ may issue only "where there is no possibility fair minded jurists
13 could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."
14 Richter, 562 U.S. at 102. In other words, so long as fair minded jurists could disagree on the
15 correctness of the state court's decision, the decision cannot be considered unreasonable. Id. If
16 the Court determines that the state court decision is objectively unreasonable, and the error is not
17 structural, habeas relief is nonetheless unavailable unless the error had a substantial and injurious
18 effect on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

19 The Court looks to the last reasoned state court decision as the basis for the state court
20 judgment. Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018); Stanley v. Cullen, 633 F.3d 852, 859
21 (9th Cir. 2011). If the last reasoned state court decision adopts or substantially incorporates the
22 reasoning from a previous state court decision, this Court may consider both decisions to
23 ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir.
24 2007) (en banc). "When a federal claim has been presented to a state court and the state court has
25 denied relief, it may be presumed that the state court adjudicated the claim on the merits in the
26 absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at
27 99. This presumption may be overcome by a showing "there is reason to think some other
28 ///

explanation for the state court's decision is more likely." Id. at 99–100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

Where the state courts reach a decision on the merits but there is no reasoned decision, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This Court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 102.

### III.

### REVIEW OF CLAIM

In his sole remaining claim, Petitioner asserts ineffective assistance of trial counsel for failing to file a notice of appeal regarding the Senate Bill No. 620 hearing. (ECF No. 1 at 12.) This claim was raised in a state habeas petition filed in the California Supreme Court, which summarily denied the petition. (LD 22.) There is no reasoned state court decision on this claim, and the Court presumes that the state court adjudicated the claim on the merits. See Johnson, 568 U.S. at 301. Accordingly, AEDPA's deferential standard of review applies, and the Court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 102.

///

///

### A. Strickland Legal Standard

The clearly established federal law governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668 (1984). In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland, 466 U.S. at 687. First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Richter, 562 U.S. at 105 ("The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom.") (citing Strickland, 466 U.S. at 690). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 687. A reviewing court should make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at that time." Id. at 689.

Second, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Strickland, 466 U.S. at 693. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A court "asks whether it is 'reasonable likely' the result would have been different. . . . The likelihood of a different result must be substantial, not just conceivable." Richter, 562 U.S. at 111–12 (citing Strickland, 466 U.S. at 696, 693). A reviewing court may review the prejudice prong first. See Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002).

When § 2254(d) applies, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Richter, 562 U.S. at 101. Moreover,

1  because Strickland articulates "a general standard, a state court has even more latitude to
2  reasonably determine that a defendant has not satisfied that standard." Knowles v. Mirzayance,
3  556 U.S. 111, 123 (2009) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). "The
4  standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two
5  apply in tandem, review is 'doubly' so." Richter, 562 U.S. at 105 (citations omitted). Thus, "for
6  claims of ineffective assistance of counsel . . . AEDPA review must be 'doubly deferential' in
7  order to afford 'both the state court and the defense attorney the benefit of the doubt.'" Woods v.
8  Donald, 575 U.S. 312, 316–17 (2015) (quoting Burt v. Titlow, 571 U.S. 12, 15 (2013)). When
9  this "doubly deferential" judicial review applies, the inquiry is "whether there is any reasonable
10 argument that counsel satisfied Strickland's deferential standard." Richter, 562 U.S. at 105.

**B. Analysis**

As "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," Pinholster, 563 U.S. at 181, this Court will look to the state habeas petition presented to the California Supreme Court and any attachments thereto rather than the petition filed in this Court. In the state habeas petition filed in the California Supreme Court, Petitioner alleged:

> At the SB620 – hearing Mr. Harris asked Ms. Singh about filling [*sic*] an appeal of the judge's denial to strike the gun enhancement, Ms. Singh said she would contact Mr. Warriner (appellate counsel) about it (Harris Declaration) yet she never did (see Exhibit – D, postit note attached to some correspondence from Mr. Warriner to Mr. Harris).

(ECF No. 26-22 at 8–9.) In a sworn declaration attached to the state habeas petition, Petitioner stated: "I asked Ms. Singh if she would appeal the denial, by the judge, of the SB620 striking of the 25-year to life gun enhancement. Ms. Singh stated that she would contact my appeal counsel about that issue." (Id. at 25.) Petitioner also presented a Post-It note bearing prior appellate counsel Warriner's apparent signature that stated "Pam [Singh] didn't contact me about appealing the gun enhancement." (ECF No. 26-21 at 29; ECF No. 26-22 at 47; ECF No. 27 at 25.)

Based on the allegations in the state habeas petition and Petitioner's sworn declaration attached thereto, the record before the California Supreme Court was that: Petitioner asked trial

counsel about filing an appeal of the judge's denial to strike the gun enhancement at the SB 620 hearing, trial counsel said she would contact appellate counsel about the issue, there was a notation from appellate counsel stating that trial counsel did not contact him about appealing the gun enhancement, and no notice of appeal was filed.

Strickland "applies to claims . . . that counsel was constitutionally ineffective for failing to file a notice of appeal," and the Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (citing Rodriquez v. United States, 395 U.S. 327 (1969); Peguero v. United States, 526 U.S. 23 (1999)).

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance.

Flores-Ortega, 528 U.S. at 478 (citation omitted).

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

Flores-Ortega, 528 U.S. at 480.

"[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Flores-Ortega, 528 U.S. at 484. In other words, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of

1  counsel claim entitling him to an appeal," Flores-Ortega, 528 U.S. at 484, and "prejudice to the
2  defendant should be presumed 'with no further showing from the defendant of the merits of his
3  underlying claims,'" Garza v. Idaho, 139 S. Ct. 738, 742 (2019) (quoting Flores-Ortega, 528
4  U.S. at 484).

As there are no allegations regarding a failure to consult with Petitioner about an appeal, in summarily denying Petitioner's ineffective assistance of counsel claim for failure to file a notice of appeal, the California Supreme Court could have concluded there was no ineffectiveness only if it found that: (1) Petitioner did not expressly instruct counsel to file an appeal after consultation; or (2) Petitioner did not establish prejudice resulting from counsel's deficient failure to file a notice of appeal.

1.   Express Instructions to Appeal

The Court finds a determination that Petitioner did not expressly instruct counsel to file a notice of appeal would be objectively unreasonable under 28 U.S.C. § 2254(d)(1).[5] Petitioner's allegations in the state habeas petition and declaration—"Mr. Harris asked Ms. Singh about filling [*sic*] an appeal of the judge's denial to strike the gun enhancement" and "I asked Ms. Singh if she would appeal the denial, by the judge, of the SB620 striking of the 25-year to life gun enhancement"—initially may appear as reasonably demonstrating to counsel that Petitioner was interested in appealing but falling short of establishing that Petitioner specifically or expressly instructed counsel to file a notice of appeal. However, given that counsel's response to Petitioner's statement was to say that she would contact Petitioner's appellate counsel about an appeal, it appears that trial counsel herself construed Petitioner's statement as instructions to file an appeal and her stated response was consistent with such instructions. Therefore, considering the whole record (including counsel's response) rather than a technical parsing of Petitioner's pro se allegations regarding Petitioner's statement to trial counsel, the Court finds that, accepting

---

[5] In the prior findings and recommendations, the Court found that a such a determination was an unreasonable determination of the facts under § 2254(d)(2). (ECF No. 35 at 33.) However, "summary denial [of a state habeas petition] constitute[s] a determination by the state court 'that the claims made in that petition [did] not state a prima facie case entitling [Petitioner] to relief'" and is "a legal determination, not a factual one." Prescott v. Santoro, 53 F.4th 470, 479 (9th Cir. 2022) (citation omitted) (third alteration in original).

10

1 all factual allegations as true,[6] a denial of Petitioner's ineffective assistance of counsel claim on
2 the basis that Petitioner did not expressly instruct counsel to file an appeal was "so lacking in
3 justification that there was an error well understood and comprehended in existing law beyond
4 any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

  2. Prejudice

Petitioner cites to Roe v. Flores-Ortega, 528 U.S. 470 (2000), Garza v. Idaho, 139 S. Ct. 738 (2019), and Manning v. Foster, 224 F.3d 1129 (9th Cir. 2000), in support of his contention that prejudice is presumed when an attorney fails to file an appeal against a petitioner's express wishes. (ECF No. 47 at 5–7.) In Flores-Ortega, the Supreme Court "decide[d] the proper framework for evaluating an ineffective assistance of counsel claim, based on counsel's failure to file a notice of appeal without [a defendant]'s consent." Flores-Ortega, 528 U.S. at 473. With respect to the second part of the Strickland test, the Supreme Court rejected a *per se* prejudice rule, which "ignores the critical requirement that counsel's deficient performance must actually cause the forfeiture of the defendant's appeal." Id. at 484. Instead, the Supreme Court held "that when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal," requiring "no further showing from the defendant of the merits of his underlying claims." Flores-Ortega, 528 U.S. at 484. In Garza, a defendant, who had pleaded guilty and signed an appeal waiver, alleged ineffective assistance of counsel for failure to file notices of appeal despite the defendant's requests. 139 S. Ct. at 742–43. The Supreme Court "reaffirm[ed] that, 'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal,' with no need for a 'further showing' of his claims' merit, regardless of whether the defendant has signed an appeal waiver." Id. at 747 (quoting Flores-Ortega, 528 U.S. at 484). In Manning, a habeas petitioner "alleg[ed] ineffective assistance of counsel because his defense attorney failed to file

---

[6] Under California law, a court accepts all factual allegations as true in determining whether a state habeas petition states a prima facie claim. See Maas v. Superior Court, 1 Cal. 5th 962, 974 (2016); People v. Duvall, 9 Cal.4th 464, 474-475 (1995).

an appeal from the conviction even after Manning specifically requested him to appeal." 224 F.3d at 1131. The Ninth Circuit cited Flores-Ortega for the proposition that "[w]here an attorney fails to file an appeal, and the petitioner can prove that he would have appealed 'but for' counsel's failure to file, prejudice is presumed." Manning, 224 F.3d at 1135 (citing Flores-Ortega, 120 S. Ct. at 1038). Because "Manning timely informed his attorney of his desire to appeal in both a phone conversation and a letter" and counsel "acknowledged Manning's timely direction to appeal," the Ninth Circuit held that "Manning has demonstrated that, but for his attorney's errors, he would have appealed his sentence" and "has therefore shown 'prejudice'" to excuse procedural default. Manning, 224 F.3d at 1135–36.

In the answer, Respondent argued that counsel's deficiency did not cause Petitioner to lose his appellate rights because "'California provides an avenue of relief for a defendant whose counsel has filed a late notice of appeal' and has, 'time and time again, declared that the loss of appeal rights can easily be remedied where counsel has erred. . . . The defendant need only act in a timely fashion. . . .'" (ECF No. 27 at 26 (quoting Canales v. Roe, 151 F.3d 1226, 1230 (9th Cir. 1998).) In response to Petitioner's supplemental traverse, Respondent crafts an opinion the California Supreme Court "might have written (if choosing to state reasons) when denying relief," (ECF No. 48 at 2), which states in pertinent part:

> [I]n California, failure to file a timely notice of appeal does not ultimately result in loss of appellate rights, if counsel timely was told to file that notice. Rather, under those circumstances a defendant still has his right to appeal; his right to appeal will be lost only if he fails to timely act after counsel's failure by alerting the courts that he instructed counsel to appeal.[7]
>
> . . .
>
> Thus, even had Petitioner prima facie shown that he timely told counsel to appeal, it would not follow that counsel's omission "actually cause[d] the forfeiture of [Petitioner's] appeal."[8] Rather, under those circumstances Petitioner's right to appeal persisted, and ultimately was lost only when he failed timely to allege that re-sentencing counsel Singh did not follow his timely instruction. Because any deficiency did not actually cause Petitioner's appeal rights to be lost, relief is denied for lack of prejudice.

(ECF No. 48 at 2, 3 (footnotes in original).)

---

[7] *Canales v. Roe*, 151 F.3d 1226, 1230 (9th Cir. 1998).
[8] *Flores-Ortega*, 528 U.S. at 484.

12

In Canales, trial counsel attempted to appeal Canales's conviction but filed the notice of appeal two days late, on May 17, 1993. On May 25, 1993, "the superior court sent Canales a letter refusing to certify the case for appeal and directing him to seek relief from the California Court of Appeal." 151 F.3d at 1227–28. On October 19, 1993, after Canales had sent in a request for trial transcripts, the superior court sent Canales a second letter, which "again notified him that his notice of appeal was untimely and that he should seek relief from the California Court of Appeal. It gave him the address of that court." Id. at 1228. On November 3, 1994, Canales attempted to file a late notice of appeal with the California Court of Appeal, which denied the notice of appeal because Canales "had 'failed to justify the 18–month delay in seeking leave to file a belated notice of appeal.'" Id. In his federal petition for writ of habeas corpus, Canales asserted a claim of ineffective assistance of counsel for his trial attorney's late filing of a notice of appeal. Id. The Ninth Circuit explained that "[t]his case does not involve a question about what issues Canales could have raised on appeal. It involves the relationship between his counsel's failure to file the notice and the ultimate loss of his appeal rights." Canales, 151 F.3d at 1230. The Ninth Circuit recognized that "California provides an avenue of relief for a defendant whose counsel has filed a late notice of appeal" and "California provides a method for filing a belated notice of appeal." Id. at 1230, 1231. The Ninth Circuit found that Canales was not entitled to habeas relief for ineffective assistance of counsel because "the state trial court notified Canales of the untimeliness of his appeal and directed him toward a potential avenue of relief, but he, as the state courts determined, failed to follow that direction. Ultimately, it cannot be said that inadequate performance by counsel denied him the right to an appeal." Id. at 1230.

The Court notes that Canales was decided before Flores-Ortega, and it is unclear to what extent Canales was abrogated by Flores-Ortega. Additionally, Canales can be differentiated from the instant matter because counsel actually filed a notice of appeal, albeit untimely, and "the state trial court notified Canales of the untimeliness of his appeal and directed him toward a potential avenue of relief." Canales, 151 F.3d at 1230. Because Canales "failed to follow that direction," the Ninth Circuit found that "[u]ltimately, it cannot be said that inadequate performance by counsel denied him the right to an appeal." Id. See also Garcia v. Foulk, No. 1:14-cv-00461-

13

AWI-SKO, 2015 WL 6689651, at *4 (E.D. Cal. Oct. 28, 2015) ("Like Canales, Petitioner initially lost his right to appeal by his trial attorney's ineffective assistance, but ultimately lost it again through his own failure to act after the California Court of Appeals reopened a time period in which he could file a notice of appeal. When a defendant fails to follow the path to relief mapped out for him by the state court, 'it cannot be said that inadequate performance by counsel denied him the right to an appeal.'" (quoting Canales, 151 F.3d at 1230)). In contrast, here, counsel failed to file a notice of appeal, and Petitioner was not directed toward a potential path of relief by the state court.

The Ninth Circuit has interpreted Flores-Ortega as follows:

> [T]he law is that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."[9] . . . This proposition may amount to saying "it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client," but that is the law on filing a notice of appeal.
>
> This proposition of law controls both the deficient performance prong of *Strickland* and the prejudice prong. If, as Sandoval-Lopez claims, it is true that he explicitly told his lawyer to appeal his case and his lawyer refused, then we are required by *Flores-Ortega* to conclude that it was deficient performance not to appeal and that Sandoval-Lopez was prejudiced. The prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal.

United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005) (footnote in original). See also Manning, 224 F.3d at 1131 ("Where an attorney fails to file an appeal, and the petitioner can prove that he would have appealed 'but for' counsel's failure to file, prejudice is presumed." (citing Flores–Ortega, 120 S. Ct. at 1038). Circuit caselaw is not governing law under AEDPA, but "precedents may be pertinent to the extent that they illuminate the meaning and application of Supreme Court precedents." Campbell v. Rice, 408 F.3d 1166, 1170 (9th Cir. 2005) (en banc).

The Court finds Jones v. Henry, 460 F. App'x 717 (9th Cir. 2011), instructive. In Jones, a California habeas petitioner's "appellate counsel, failed to follow Jones's direction to file an appeal." 460 F. App'x at 721. The Ninth Circuit explained that "[i]t is clearly established that the

---

[9] *Flores-Ortega*, 528 U.S. at 477, 120 S. Ct. 1029.

14

failure to follow a client's request to file a notice of appeal is per se ineffective" and "[w]here, as here, that failure actually causes the forfeiture of defendant's appeal, there is also per se prejudice." Id. (citing Flores-Ortega, 528 U.S. at 477). The Ninth Circuit observed that

> the only possible theory that could have supported that decision is the one advanced by the State here: that *Flores-Ortega* does not apply because the document that [counsel] failed to file was not a 'notice of appeal' but rather a statement of reasonable grounds for appeal required by California Penal Code § 1237.5.

Jones, 460 F. App'x at 721 (9th Cir. 2011). The Ninth Circuit found that "[n]o fairminded jurist would draw a distinction between a statement of reasonable grounds and a notice of appeal for the purposes of determining whether 'counsel perform[ed] in a professionally unreasonable manner . . . by failing to follow the defendant's express instructions with respect to an appeal'" and affirmed the district court's grant of habeas relief for ineffective assistance of counsel. Jones, 460 F. App'x at 721.

Similar to Jones, Petitioner instructed counsel to file an appeal and counsel failed to follow Petitioner's instruction. Jones also concerned a California habeas petitioner and application of AEDPA's deferential standard of review and was decided after Flores-Ortega. Although the issue of California's procedure for filing a belated notice of appeal was not before the court in Jones, the Court finds that the instant matter is sufficiently comparable to Jones and clearly distinguishable from Canales, such that the outcome in Jones should be followed. In support of Canales's determination that "California provides an avenue of relief for a defendant whose counsel has filed a late notice of appeal" and "has, time and time again, declared that the loss of appeal rights can easily be remedied where counsel has erred," the Ninth Circuit cited to: In re Benoit, 10 Cal.3d 72, 85–89, 109 Cal. Rptr. 785, 793–96, 514 P.2d 97, 105–08 (1973); People v. Sanchez, 1 Cal.3d 496, 500–01, 82 Cal. Rptr. 634, 636–37, 462 P.2d 386, 388–89 (1969); and People v. Tucker, 61 Cal.2d 828, 831–32, 40 Cal. Rptr. 609, 611–12, 395 P.2d 449, 451–52 (1964). Canales, 151 F.3d at 1230. In Benoit, counsels filed notices of appeal ten and forty-six days late. 10 Cal. 3d at 87, 89. Sanchez stated the general proposition that a "criminal defendant seeking relief from his default in failing to file a timely notice of appeal is entitled to such relief, absent waiver or estoppel due to delay, if he made a timely request of his trial

1  attorney to file a notice of appeal . . . or if the attorney made a timely promise to file a notice of
2  appeal . . . ." 1 Cal. 3d at 500. In Tucker, a notice of appeal also was untimely filed and "the
3  superior court clerk notified petitioner that his notice had been offered for filing late and that he
4  could petition the appellate court for relief from default." 61 Cal. 3d at 829–30. As previously
5  noted, the instant matter is distinguishable from Canales, Benoit, and Tucker, because here,
6  counsel failed to file a notice of appeal (rather than filing an untimely notice of appeal) and
7  Petitioner was not directed toward a potential path of relief by the state court.

8  Additionally, there is no indication that Petitioner was aware of California's avenue for
9  relief for filing a belated notice of appeal, and the Court agrees with Petitioner that holding a
10 state court can reasonably find a petitioner should shoulder the blame for the loss of appeal if a
11 state scheme exists allowing for a defendant to remedy his counsel's error without any
12 requirement that the record reflect a knowing failure to act by the petitioner "improperly
13 broadens the causation analysis employed by the [Supreme] Court in Flores-Ortega," (ECF No.
14 47 at 10), and the Ninth Circuit's subsequent application of Flores-Ortega in Manning, which
15 held that "[w]here an attorney fails to file an appeal, and the petitioner can prove that he would
16 have appealed 'but for' counsel's failure to file, prejudice is presumed." 224 F.3d at 1131 (citing
17 Flores-Ortega, 120 S. Ct. at 1038). Here, there was no intervening event after counsel's deficient
18 performance (e.g., Petitioner being notified or otherwise directed to seek relief in the California
19 Court of Appeal for a late appeal and/or Petitioner himself attempting to file an untimely notice
20 of appeal). For purposes of determining whether counsel's deficient performance actually caused
21 the forfeiture of Petitioner's appeal, no fairminded jurist would fail to draw a distinction between
22 a defendant whose counsel filed an untimely notice of appeal and who thereafter was informed
23 of California's delayed appeal procedure and failed to pursue said procedure in a timely manner,
24 and a defendant whose counsel failed to file any notice of appeal and who was not aware of the
25 delayed appeal procedure.

26 Based on the foregoing, the Court finds that a denial of Petitioner's ineffective assistance
27 claim on the basis that Petitioner did not show prejudice from counsel's deficient performance
28 was contrary to, or an unreasonable application of, clearly established federal law, and "so

lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

**C.  Expansion of Record and Evidentiary Hearing**

> If we determine, considering only the evidence before the state court, that the adjudication of a claim on the merits resulted in a decision contrary to or involving an unreasonable application of clearly established federal law, or that the state court's decision was based on an unreasonable determination of the facts, we evaluate the claim de novo, and we may consider evidence properly presented for the first time in federal court.

Hurles v. Ryan, 752 F.3d 768, 778 (9th Cir. 2014)

"AEDPA [28 U.S.C. § 2254(e)(2)] constrains when the district court may hold an evidentiary hearing or expand the record pursuant to Rule 7 of the Rules Governing § 2254 cases if a state prisoner seeking federal habeas relief has failed to develop the factual record that supports a claim in state court." Rhoades v. Henry, 598 F.3d 511, 517 (9th Cir. 2010) (citing Holland v. Jackson, 542 U.S. 649, 652–53 (2004) (per curiam); Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir. 2005)). "[A] failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams v. Taylor, 529 U.S. 420, 432 (2000). "Diligence for purposes of the opening clause [of § 2254(e)(2)] depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court[.]" Id. at 435.

Here, the record before the Court demonstrates that Petitioner exercised diligence to develop the factual basis of his ineffective assistance of counsel claim for failure to file a notice of appeal. Prior to filing his state habeas petitions, Petitioner wrote a letter to trial counsel asking, *inter alia*, why she did not file a notice of appeal with respect to the SB 620 hearing. (ECF No. 1 at 33–35.) Petitioner also obtained and presented to the state courts a copy of a Post-It note bearing prior appellate counsel Warriner's apparent signature that stated that trial counsel "Pam [Singh] didn't contact me about appealing the gun enhancement." (ECF No. 26-21 at 29; ECF No. 26-22 at 47.) Additionally, the state courts denied Petitioner's state habeas petitions without ordering formal pleadings. "Because [Petitioner] never reached the stage of the [state

habeas] proceedings at which an evidentiary hearing should be requested, he has not shown 'a lack of diligence at the relevant stages of the state court proceedings' and therefore is not subject to AEDPA's restrictions on evidentiary hearings." Horton v. Mayle, 408 F.3d 570, 582 n.6 (9th Cir. 2005). As the record before the Court demonstrates that Petitioner did not fail to develop the factual basis for his ineffective assistance of counsel claim for failure to file a notice of appeal, the Court may expand the record pursuant to Rule 7 of the Rules Governing § 2254 cases.[10]

In addition, where, as here, the "petitioner has not failed to develop the factual basis of his claim as required by 28 U.S.C. § 2254(e)(2), an evidentiary hearing is required if (1) the petitioner has shown his entitlement to an evidentiary hearing pursuant to Townsend v. Sain . . . and (2) the allegations, if true, would entitle him to relief." Hurles, 752 F.3d at 791 (citing Stanley v. Schriro, 598 F.3d 612, 624 (9th Cir. 2010)). Townsend held that a federal court must grant an evidentiary hearing if:

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

Townsend v. Sain, 372 U.S. 293, 313 (1963), overruled on other grounds by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992).

Petitioner was not afforded an evidentiary hearing in state court. As set forth in section III(B), *supra*, determinations that Petitioner did not expressly instruct counsel to file a notice of appeal and Petitioner did not show prejudice from counsel's deficient performance were contrary to, or an unreasonable application of, clearly established federal law. Petitioner's allegations, if true, would entitle him to relief. Accordingly, an evidentiary hearing on Petitioner's ineffective assistance of counsel claim for failure to file a notice of appeal is warranted.

///

---

[10] The Court "may direct the parties to expand the record by submitting additional materials relating to the petition," such as "letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge," and affidavits. Rule 7(a)–(b), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C foll. § 2254. "[T]he party against whom the additional materials are offered" must have an opportunity to admit or deny their correctness. Habeas Rule 7(c).

## IV.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that the record be expanded and, if necessary, an evidentiary hearing be held on Petitioner's ineffective assistance of counsel claim for failure to file a notice of appeal.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **fourteen (14) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 7, 2023**

UNITED STATES MAGISTRATE JUDGE