**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALD BRENT HARRIS,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT FRAUENHEIM,<br><br>    Respondent. | No. 1:19-cv-01203-JLT-SAB-HC<br><br>ORDER DECLINING TO ADOPTING SUPPLEMENTAL FINDINGS AND RECOMMENDATIONS; DENYING REMAINING CLAIM BROUGHT PURSUANT TO 28 U.S.C. § 2254; GRANTING CERTIFICATE OF APPEALABILITY RE SAME<br><br>(Doc. 49) |

**INTRODUCTION**

Gerald Brent Harris brings this petition pursuant to 28 U.S.C. § 2254, seeking relief from his state second-degree murder conviction, associated personal gun use enhancement finding, and resulting lengthy sentence. (Doc. 1.) In prior orders, the Court has denied all but one of the claims in the petition. (*See* Doc. 40.) Petitioner's remaining § 2254 claim alleges that his state trial counsel, Ms. Singh, provided constitutionally defective representation by failing to file a notice of appeal after the state court denied Petitioner's motion to strike a gun enhancement at his California Senate Bill 620 hearing. (*See* Doc. 1 at 12, 14–15; *see generally* Doc. 40.)

The Court has addressed this remaining claim in several orders. (Doc. 35, 40, 43, 46, 49.) Most recently, on September 7, 2023, the assigned magistrate judge issued supplemental findings and recommendations (SFRs) recommending that an evidentiary hearing be held. (Doc. 49.) The

1

1  Court served the SFRs on the parties and indicated objections were due within 14 days.
2  Respondent filed timely objections. (Doc. 50.) To date, no reply to Respondent's objections has
3  been filed, and the time for doing so has passed.
4        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a
5  *de novo* review of the case. Having carefully reviewed the entire file, including Respondent's
6  objections, the Court will depart from the reasoning of the SFRs on the deficient performance
7  prong, which is dispositive, and will therefore deny the remaining claim.

## LEGAL FRAMEWORK

9        The general framework for analyzing the outstanding claim is set forth in *Roe v. Flores-*
10 *Ortega*, 528 U.S. 470 (2000). Therein, the Supreme Court explained how to apply the two-step
11 *Strickland v. Washington*, 466 U.S. 688 (1984), test—which calls for an examination of (1)
12 whether counsel performed in an objectively unreasonable manner and (2) whether that
13 performance prejudiced the defendant—in the context of counsel's failure to perfect an appeal.
14 *Flores-Ortega* sets forth several rules that are relevant here. First, the Court re-affirmed its long-
15 standing holding that "a lawyer who disregards specific instructions from the defendant to file a
16 notice of appeal acts in a manner that is professionally unreasonable." 528 U.S. at 477 (citations
17 omitted). "This is so because a defendant who instructs counsel to initiate an appeal reasonably
18 relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a
19 strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file
20 reflects inattention to the defendant's wishes." *Id*. The Court then tackled a more complex
21 question: "Is counsel deficient for not filing a notice of appeal when the defendant has *not* clearly
22 conveyed his wishes one way or the other?" *Id*. (emphasis added) "In those cases where the
23 defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken . . . the
24 question whether counsel has performed deficiently by not filing a notice of appeal is best
25 answered by first asking a separate, but antecedent, question: whether counsel in fact *consulted*
26 with the defendant about an appeal." *Id*. at 478 (emphasis added). The term "consult" was given
27 the "specific meaning" of "advising the defendant about the advantages and disadvantages of
28 taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*.

Assuming counsel has consulted with the defendant, the question of deficient performance is "easily answered" according to the rule already articulated above: "Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id*. If, however, counsel has not consulted with the defendant, the reviewing court "must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id*. As to that latter question:

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

*Id*. at 480.

As for *Strickland*'s prejudice prong, *Flores-Ortega* explained that to show prejudice in the context of a failure to notice an appeal, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*. at 484. In other words, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal," *Flores-Ortega*, 528 U.S. at 484, and "prejudice to the defendant should be presumed 'with no further showing from the defendant of the merits of his underlying claims,'" *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019) (quoting *Flores-Ortega*, 528 U.S. at 484).

**ANALYSIS**

There is no reasoned state court decision addressing the pending claim. (*See* Doc. 49 at 6.) The Court therefore presumes that the state court adjudicated the claim on the merits, *see Johnson v Williams*, 568 U.S. 289, 301 (2013), and under the applicable deferential standard of review, "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court."

3

*Harrington v. Richter*, 562 U.S. 86, 102 (2011).

As the SFRs explained:

> "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," [*Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)], this Court will look to the state habeas petition presented to the California Supreme Court and any attachments thereto rather than the petition filed in this Court. In the state habeas petition filed in the California Supreme Court, Petitioner alleged:
>
>> At the SB620 – hearing Mr. Harris asked Ms. Singh about filling [sic] an appeal of the judge's denial to strike the gun enhancement, Ms. Singh said she would contact Mr. Warriner (appellate counsel) about it (Harris Declaration) yet she never did (see Exhibit – D, post[-]it note attached to some correspondence from Mr. Warriner to Mr. Harris).
>
> (ECF No. 26-22 at 8–9.) In a sworn declaration attached to the state habeas petition, Petitioner stated: "I asked Ms. Singh if she would appeal the denial, by the judge, of the SB620 striking of the 25-year to life gun enhancement. Ms. Singh stated that she would contact my appeal counsel about that issue." (*Id*. at 25.) Petitioner also presented a Post-It note bearing prior appellate counsel Warriner's apparent signature that stated "Pam [Singh] didn't contact me about appealing the gun enhancement." (ECF No. 26-21 at 29; ECF No. 26-22 at 47; ECF No. 27 at 25.)
>
> Based on the allegations in the state habeas petition and Petitioner's sworn declaration attached thereto, the record before the California Supreme Court was that: Petitioner asked trial counsel about filing an appeal of the judge's denial to strike the gun enhancement at the SB 620 hearing, trial counsel said she would contact appellate counsel about the issue, there was a notation from appellate counsel stating that trial counsel did not contact him about appealing the gun enhancement, and no notice of appeal was filed.

(Doc. 49 at 8–9.) Considering these allegations, the SFRs went on to examine whether it would have been objectively unreasonable for the state court to determine that Petitioner did not expressly instruct counsel to file a notice of appeal:

> The Court finds a determination that Petitioner did not expressly instruct counsel to file a notice of appeal would be objectively unreasonable under 28 U.S.C. § 2254(d)(1). Petitioner's allegations in the state habeas petition and declaration—"Mr. Harris asked Ms. Singh about filling [sic] an appeal of the judge's denial to strike the gun enhancement" and "I asked Ms. Singh if she would appeal the denial, by the judge, of the SB620 striking of the 25-year to life gun enhancement"—initially may appear as reasonably demonstrating to counsel that Petitioner was interested in appealing but falling short of establishing that Petitioner specifically or expressly instructed counsel to file a notice of appeal. However, given that

4

> counsel's response to Petitioner's statement was to say that she would contact Petitioner's appellate counsel about an appeal, it appears that trial counsel herself construed Petitioner's statement as instructions to file an appeal and her stated response was consistent with such instructions. Therefore, considering the whole record (including counsel's response) rather than a technical parsing of Petitioner's pro se allegations regarding Petitioner's statement to trial counsel, the Court finds that, accepting all factual allegations as true, a denial of Petitioner's ineffective assistance of counsel claim on the basis that Petitioner did not expressly instruct counsel to file an appeal was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

(Doc. 49 at 10–11.)

Respondent takes issue with this reasoning by suggesting that there are other possible, reasonable applications of the law to these facts. (Doc. 50 at 3–4.) As Respondent points out, even the SFRs concede that Petitioner's assertions—that he "asked Ms. Singh about filing an appeal" and "asked Ms. Singh if she would appeal the denial"—could be viewed as "falling short of establishing that Petitioner specifically or expressly instructed counsel to file a notice of appeal." (Doc. 49 at 10.) Notwithstanding this concession, the SFRs reason that counsel's response to Petitioner's alleged statement was "to say that she would contact Petitioner's appellate counsel about an appeal." (*Id.*) According to the SFRs, this indicates "that trial counsel herself construed Petitioner's statement as instructions to file an appeal and her stated response was consistent with such instructions." (*Id.*)

Though the SFRs' application of the law to these facts is not unreasonable, under § 2254(d), if there is *any other* "reasonable basis for the state court to deny relief," this Court must defer to that hypothetical reason. *Richter*, 562 U.S. at 98. Respondent presents the following hypothetical decision the California Supreme Court might have written had it chosen to state reasons on the issue:

> While we could decide this case solely as to prejudice, we disagree that Petitioner has prima facie shown deficient performance. The Petition and Petitioner's declaration leave little room to doubt that Petitioner could have made a straightforward assertion that he timely gave counsel an express instruction to file a notice of appeal. Yet Petitioner has conspicuously failed to make that straightforward assertion, which fairly is understood as at [sic] tacit admission that

a straightforward assertion as to timing would be adverse.

This is not altered by Petitioner's assertion that at the hearing he referred to the subject of appealing the sentencing ruling, and counsel responded she would consult with prior appellate counsel about "it." And we note that Petitioner's later declaration (with no time specified) asserts he asked Singh if she would appeal the denial and she said she would contact prior counsel about "that issue." Assuming arguendo there was one conversation at the hearing (i.e., within the 60-day notice-of-appeal deadline when he had any right to instruct counsel), Petitioner's assertions are still unfairly ambiguous. As noted before, a pro per petitioner needn't "develop" the relied-on "legal theory," but he does need to state the underlying facts "fully and fairly." [*In re Clark*, 5 Cal. 4th 750, 779 (1993).] The foregoing is perfectly consistent with Petitioner having discussed the prospect of filing an appeal, and being uncertain whether to do so if the only claim on appeal would be a very-unlikely-to-succeed claim of abuse of discretion as to sentencing— such that "it" ("that issue" Singh wanted to learn more about) was whether there was any recent authority making such an appellate claim more than a complete waste of time. Possible new authority would be something Singh might not know off the top of her head, such that a need to consult would be plausible.

In sharpest contrast, it is truly implausible that Singh was signaling that she needed to consult because she perceived (1) Petitioner had just instructed her to appeal, and (2) she needed to consult someone in order to respond to that instruction. The presumption of reasonable performance is strong, [*Dunn v. Reeves*, 141 S. Ct. 2405, 2410 (2021),] not weak. We presume counsel does the smart thing, and not the dumb one. [*Doe v. Ayers*, 782 F.3d 425, 444 n.27 (9th Cir. 2015).] And it would be dumb for an attorney, perceiving a defendant's express instruction to commence an appeal, to think (and thus say) the appropriate step was to consult with another attorney. There would be nothing to consult about. One who is not "dumb" knows "the decision to appeal rests with the defendant[,]" [*Flores-Ortega*, 528 U.S. at 479,] and [would likewise know] to just follow his "express instructions" to commence the appeal. [*Id.* at 478.] Trial counsel who is not dumb would not perceive a need to consult with anyone as to how to commence the appeal; it is well known the "purely ministerial task" of commencing an appeal is just filing "a one-sentence document stating that the defendant wishes to appeal from the judgment." [*Id.* at 474.] Were that not enough (and it was), the minute order of the original October 6, 2014 sentencing recites that, with Singh present, "DEFENDANT IS ADVISED OF APPEAL RIGHTS." [(ECF 26-2 at 126, 128.)] The reporter's transcript shows the advisement is a scripted recital that:

> With regards to your right to appeal, Mr. Harris, you do have an absolute right to appeal, and you perfect your appeal by filing a Notice of Appeal with the clerk with the Kern County Superior Court within 60 days of the date of judgment which is today's date, and you have a right to a free transcript of all matters in this court on appeal as required by the California Rules of Court, and you also have

a right for counsel to represent you on appeal. [¶] And if you cannot afford counsel to represent you on appeal, you should petition the Court of Appeal, the Fifth Appellate District to appoint an attorney to represent you. I'm going to give you a document that gives you all the information that I have just noted.

[(ECF 26-11 at 206.)] And Singh in fact filed a notice of appeal the very same day. [(ECF 26-2 at 133.)] In precisely the same vein, the minute order of the November 1, 2018 resentencing recites that, with Singh present, "DEFENDANT IS ADVISED OF APPEAL RIGHTS." [(ECF 26-20 at 1, 3.)] The inference is overwhelming that a reporter's transcript would show the same scripted recital just quoted. (Petitioner's failure to timely pursue an appeal "with its attendant unconditional free transcript" is not something we are obliged to make up for.) [*United States v. MacCollom*, 426 U.S. 317, 325-26 (1976).]

The compulsory and strong presumption that Singh was competent makes it implausible that, at time of the 2018 resentencing, she didn't know it was solely Petitioner's decision whether she should commence the appeal. And it is implausible that at time of the 2018 resentencing Singh—who filed the notice of appeal the day of the original sentencing in 2014—lacked knowledge how to commence an appeal. So it is just implausible that her alleged reaction (to not just file the notice, but rather to say she would consult prior appellate counsel) so much as even suggests an inference that she took Petitioner's words as express instruction to commence an appeal but was intimating her personal lack of knowing whether or how to comply—such as by just immediately filing a notice of appeal as she had done four years earlier at the original sentencing.
. . . . As set forth above, the factual prospect that Singh's alleged response to Petitioner reflected her belief that he had just instructed her to appeal but she was indicating a need to consult another attorney as to either whether or how to comply, is frivolous and extremely unlikely. Were we to speculate, the far more likely reason for her alleged response would be that she did not take Petitioner's alleged words that way, and he didn't intend them that way. Rather, a prior appeal had already rejected all claims of error, remanding only for the chance at a discretionary lowering of sentence, so the judgment was already affirmed on every other ground. It was pointless to appeal if there was no plausible argument that the resentencing decision was an abuse of discretion. And one thing that Singh (a trial attorney) might not know off the top of her head, but prior appellate counsel might, was whether any recent authority supported a colorable argument that there was an abuse of discretion. True, Petitioner still might choose to appeal even if it was pointless; but the fact of it being pointless suggests he might make a reasonable decision to decline it. Singh's conduct is perfectly consistent with she and Petitioner having left the matter with a decision not to appeal, unless and until Singh learned of new helpful authority.

We find nothing helpful as to a Post-It note purportedly from prior appellate counsel saying Singh didn't contact him. Fatally, the note

> is unauthenticated[ ] and unsworn.[ ] Moreover, if Singh ultimately did not reach out to him, a perfectly plausible reason was that, presumed smart, on her own Singh learned there was no new helpful authority.
>
> For lack of a prima facie showing of deficient performance, relief is barred.

(Doc. 50 at 3–5 (certain footnotes omitted).) Though more verbose than one might expect from the modern California Supreme Court, this articulates an alternative, reasonable way to analyze the performance of counsel, even assuming the truth of the facts alleged by Petitioner. Critically, the Court cannot identify any caselaw—let alone Supreme Court precedent—that clearly indicates Petitioner's statements must be interpreted as an express instruction to appeal. *See Garza v. Idaho*, 139 S. Ct. 738, 743, 747 (2019) (finding "no dispute" as to the existence of an express waiver where counsel stated defendant "told me he wanted to appeal"). Rather, the alleged statements could be interpreted as inquiries about the wisdom of filing an appeal or the availability of appellate options, rather than as express instructions to file an appeal. Therefore, the California Supreme Court reasonably could have found no express instruction to appeal was given.

Having concluded that Petitioner's allegations do not make out a prima facie claim of express instruction, in an abundance of caution the Court has also considered whether Petitioner's remaining claim should alternatively be construed as a "failure to consult" allegation. In a related, but not identical context, the Ninth Circuit instructed this Court to first examine whether counsel ignored an express instruction to appeal, but "if not, whether counsel failed to consult, and if so, whether that failure constituted deficient performance." *United States v. Fabian-Baltazar*, 931 F.3d 1216, 1218 (9th Cir. 2019). *Fabian-Baltazar* concerned a motion brought under 28 U.S.C. § 2255 in which the movant overtly alleged "counsel failed to file a notice of appeal, despite his instruction to his counsel to do so, and failed to consult him about an appeal." *Fabian-Baltazar v. United States*, No. 1:13-CR-0032-AWI, 2019 WL 7282046, at *1 (E.D. Cal. Dec. 27, 2019). As the Supreme Court indicated, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think . . . that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S.

8

at 480. "Consult" is a term of art that *Flores-Ortega* defined as: "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. at 470.

Petitioner's as-yet undisputed allegations are that he asked Ms. Singh about filing an appeal. (Doc. 1 at 22 ("I asked Ms. Singh if she would appeal the denial, by the judge, of the SB620 striking of the 25-year to life gun enhancement. Ms. Singh stated that she would contact my appeal counsel about that issue.").) It is also undisputed that Ms. Singh did not contact appellate counsel about the matter. (Doc. 1 at 37 (Post-It note discussed above).) This conduct arguably does not satisfy the basic definition of consultation: "advising the defendant about the advantages and disadvantages of taking an appeal."

Nonetheless, even assuming it is appropriate to construe Petitioner's claim as one that also encompasses a "failure to consult" theory, that claim was never exhausted. As this Court has previously explained, a petitioner can satisfy the exhaustion requirement by "fairly presenting" the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. (Doc. 7 at 1–2 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971).) "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996); *see also Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) ("The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis.").

Petitioner nowhere mentioned "consult" or "failure to consult" in his allegations at any level. (Doc. 1 at 15, 22.) Early on in this case, the Court accepted Respondent's framing of the claim as an "express instruction" claim. (*See* Doc. 27 at 22 (Respondent's answer indicating "[t]he state petition did not claim re-sentencing counsel Singh failed to 'consult' with Petitioner, so she was 'professionally unreasonable" only[ ] if she did not 'follow [his] express instructions with respect to an appeal.'"; Doc. 35 at 31 (Dec. 21, 2021 findings and recommendations indicating "there are no allegations whatsoever regarding a failure to consult with Petitioner about

an appeal"). This framing was reiterated in the SFR. (Doc. 40 at 10.) Petitioner has never questioned the framing, even since counsel was appointed. Accordingly, the Court concludes no "failure to consult" claim was ever presented to the California courts and therefore it is not appropriate to expand the deficient performance inquiry beyond the "express instruction" claim articulated in the Petition.

## CERTIFICATE OF APPEALABILITY GRANTED

Having found Petitioner is not entitled to habeas relief on his remaining claim, the Court turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, a certificate of appealability may be issued only "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While Petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds the questions debatable. In fact, this Court has itself reached or at least expressed conflicting interim conclusions on the deficient performance and prejudice prongs. Therefore, the Court will issue a certificate of appealability on Petitioner's claim premised upon the ineffective assistance of counsel in relation to the filing of a notice of appeal after his SB 620 hearing.

## CONCLUSION

For the reasons set forth above:

(1) The Court **DECLINES** to adopt the supplemental findings and recommendations (Doc. 49).

(2) Petitioner's remaining claim of ineffective assistance of counsel in relation to the filing of a notice of appeal from his SB 620 hearing is **DENIED.**

(3) A certificate of appealability **SHALL ISSUE** as to that claim.

(4) The clerk of Court is directed to **CLOSE THIS CASE.**

IT IS SO ORDERED.

Dated: __**January 26, 2024**__

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE